IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FERNANDO DURAN,  § | | |
|        Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-15-0788 |
| § | | |
| BAR-S FOODS CO., § | | |
|        Defendant. § | | |

## MEMORANDUM AND ORDER

This case is before the Court on Defendant Bar-S Foods Co.'s ("Defendant" or "Bar-S") Motion to Dismiss ("Motion") [Doc. # 4] seeking to dismiss this case under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim. Plaintiff Fernando Duran ("Plaintiff" or "Duran") filed a Response [Doc. # 7],[1] to which Defendant filed a Reply [Doc. # 8]. Having carefully considered the parties' briefing, all matters of record, and the applicable legal authorities, the Court **denies** Defendant's Motion as to dismissal under Rule

---

[1] Plaintiff failed to timely respond to Defendant's Motion by the 21-day deadline provided for by the District's Local Rules 7.3 and 7.4. Plaintiff failed to meet the extended deadline of May 8, 2015. *See* Order dated May 1, 2015 [Doc. # 5]. Plaintiff attempted to electronically file his response on Friday, May 8, 2015, but in error filed only the Certificate of Service and Proposed Order, not his responsive brief [Docs. # 6 and # 6-1]. Four days later, on May 12, Plaintiff corrected this error and filed a full copy of his response [Doc. # 7]. Defendant's argument that Plaintiff's response should be stricken and not considered is rejected in an exercise of this Court's discretion. However, Plaintiff's counsel will be required to address the causes of these procedural deficiencies, as ordered below.

12(b)(1) but **grants** dismissal of Plaintiff's claims without prejudice under Rule 12(b)(6). As explained herein, Plaintiff is given the opportunity to file an amended complaint by **June 19, 2015**.

## I.     BACKGROUND

Plaintiff Duran alleges that his former employer, Defendant Bar-S, failed to pay him the full incentive bonus he claims was owed to him for 2012 and that, when he complained, Defendant retaliated by terminating his employment. More specifically, Duran alleges that, on July 10, 2012, Bar-S made an employment "offer" to him, communicated through an executive recruiting firm representative. Plaintiff's Original Petition [Doc. # 1-1] ("Petition"), ¶ 6. Duran alleges this individual was an agent of Bar-S. *Id.* Duran alleges he was offered the position of Division Vice President in Bar-S's IT Department and he "accepted." *Id.* He began work on July 25, 2012, but claims he was promised an incentive bonus calculated as if he had commenced work January 1, 2012. *Id.*, ¶¶ 6, 7. Duran alleges that he received positive job performance reviews. *Id.*, ¶ 8. He alleges also that he discussed with Bar-S management his concerns over property compliance with various import/expert regulations involving computer and other products. *Id.*

Duran further alleges that, when he met with his Bar-S boss on February 13, 2013, to discuss incentive and other bonus calculations for himself and his group, he

discovered that his incentive bonus was $85,469 lower than he had expected based on his and his group's performance, and that the amount being offered was "not the amount that was agreed to in his compensation agreement contained within his offer of employment." *Id.*, ¶ 9.  Duran alleges the recruiter agreed with him but Bar-S nevertheless was denied the additional bonus. *Id.*, ¶ 10. Duran claims his employment was terminated in a telephone call on March 8, 2013. *Id.*, ¶ 11. Duran alleges that he declined the severance package Bar-S offered him because it would require him to "cease efforts to collect on his earned, but unpaid, bonus" and to not take any action that could "be construed as embarrassing, humiliating, or critical of Bar-S." *Id.*

On February 11, 2015, Duran sued Bar-S in the 133rd Judicial District of Harris County, Texas, for "breach of contract for violation of his compensation agreement and for the recovery of sums due and owing to him." *Id.*, § V, p. 3. In the alternative, Duran sues Bar-S "for retaliation," asserting that he "has been damaged by Bar-S's acts of retaliation through the loss of employment and income as a result thereof." *Id.*, § V, p. 4. Duran seeks actual damages, exemplary damages, and attorneys' fees. *Id.*, ¶¶ 17-20.

On March 26, 2015, Bar-S timely removed this case to federal court on the basis of complete diversity of citizenship between the parties. Notice of Removal

[Doc. # 1], ¶ 2. On April 9, 2015, Bar-S filed the instant motion to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and failure to state a claim. This Motion has been fully briefed and is ripe for review.

## II.     LEGAL STANDARD

Defendant seeks dismissal of Plaintiff's Petition pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] Because Plaintiff filed suit in Texas state court and has not amended his pleadings in federal court, this Court will apply Texas pleading standards to evaluate the claims asserted in the Petition. *See Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946-47 (5th Cir. 2014) (federal rules apply to civil actions after removal from state court, but do not provide for retroactive application to the procedural aspects of a case that occurred in state court prior to removal) (citing FED. R. CIV. P. 81(c)(1)); *Tompkins v. Cyr*, 202 F.3d 770, 787 (5th Cir. 2000) (considering sanctions and holding that "federal rules do not apply to filings in state court, even if the case is later removed to federal court"). Texas uses a "fair notice" standard of pleading, "which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be

---

[2] Defendant also moves to dismiss Plaintiff's retaliation claim pursuant to Federal Rule of Civil Procedure 12(b)(1). The Court addresses this aspect of the Motion in section III.A *infra*.

relevant." *Horizon/CMS Healthcare Corporation v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). *See* TEX. R. CIV. P. 45(b) ("That an allegation be evidentiary or be of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole."). Texas' procedural rules require that the pleadings "consist of a statement in plain and concise language of the plaintiff's cause of action." TEX. R. CIV. P. 45(b). A cause of action may be dismissed, upon motion, if "it has no basis in law or fact." TEX. R. CIV. P. 91a.1.

Federal pleading standards are more stringent than Texas standards. Although a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted, *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)), a complaint must contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). The difference between state and federal pleading standards is not dispositive of the pending motion. Plaintiff's pleadings fail to state a legally viable claim under Texas standards, and thus would also fail under the stricter federal standards.

### III. ANALYSIS

#### A. Retaliation Claim

Defendant Bar-S moves for dismissal of Duran's retaliation claim, citing Rule 12(b)(1) of the Federal Rules of Civil Procedure. Defendant apparently argues that the Court lacks subject-matter jurisdiction over, *i.e.*, the power to adjudicate, Duran's retaliation claim reasoning that claim appears to be asserted under the employment discrimination laws, Duran has not alleged (or shown) exhaustion of administrative remedies through the Equal Employment Opportunity Commission ("EEOC") or the Texas Workforce Commission, and the time to file such an administrative charge has passed. Plaintiff Duran ambiguously contends he "does not allege anywhere in his pleadings that the retaliation cause of action is based on the anti-discrimination provisions of Title VII of the Civil Rights Act of 1964 ('Title VII') or the Texas Commission on Human Rights Act ('TCHRA')." Response, at 5. Accordingly, Defendant's Motion to dismiss under Rule 12(b)(1) for failure to exhaust administrative remedies is **denied without prejudice** because Plaintiff does not rely on these anti-discrimination laws for his claim of retaliation.[3]

---

[3] Defendant's argument that Duran's statutory employment retaliation claim is time-barred because he failed to exhaust his administrative remedies, and thus jurisdiction is lacking, appears misplaced. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385,
(continued...)

Defendant alternatively contends, correctly, that there are insufficient factual allegations to establish the legal basis for Plaintiff's retaliation claim and apparently seeks dismissal under Rule 12(b)(6). Plaintiff seems to concur. He has not articulated any statutory or common law basis for his retaliation claim. The pleadings are entirely insufficient under the lenient standard applicable in Texas state courts. Defendant's Motion to dismiss under Rule 12(b)(6) is **granted** as to Plaintiff's retaliation claim.

When a plaintiff's complaint fails to state a claim, the court generally should give the plaintiff at least one chance to amend the complaint under Federal Rule of Civil Procedure 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

---

3     (...continued)
393 (1982) ("We hold that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."); *Gorman v. Verizon Wireless Tex., L.L.C.*, 753 F.3d 165, 170 (5th Cir. 2014) ("We hold that in the light of [*In re: USAA*, 307 S.W.3d 299, 311 (Tex. 2010)], the failure to receive a Texas right to sue letter is not a jurisdictional defect."); *Walker v. Potter*, 348 F. App'x 77, 78 (5th Cir. 2009) (holding that because "the law is settled that EEOC and EEO filing deadlines are not jurisdictional . . . the motion should have been treated as one for summary judgment and not one to dismiss for lack of subject matter jurisdiction"); *cf. Clemmer v. Irving Indep. Sch. Dist.*, Civ. Action No. 3:13-CV-4997-D, 2015 WL 1757358, at *3 (N.D. Tex. Apr. 17, 2015) (noting that "[t]here is a split of authority within the Fifth Circuit about whether the Title VII exhaustion requirement implicates the court's subject matter jurisdiction," but concluding that "Title VII exhaustion does not present a question of subject matter jurisdiction, and that it is an affirmative defense").

The Court accordingly **grants** Plaintiff leave to replead this claim if Plaintiff has a viable factual and legal theory in keeping with Rule 11(b).

### B. <u>Breach of Contract Claim</u>

Defendant Bar-S also seeks to dismiss Duran's breach of contract claim under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Bar-S argues that Duran's breach of contract claim is legally insufficient because Duran does not attach or clearly identify the contract under which he sues, and he fails to specify what provision of any contract Bar-S breached. The Court agrees. There is no identification of what contract allegedly has been breached. While Duran states he sues Bar-S for breach of his "compensation agreement and for the recovery of sums due and owing to him," that Bar-S through an executive search firm, made him an employment "offer" that he "accepted," and that Bar-S failed to pay him bonuses allegedly owed pursuant to this agreement, Duran never states whether the agreement was oral or written. If the agreement was in writing, Duran, does not allege precisely what provision was breached.

To the extent Defendant Bar-S assumes that Duran sues on an "Offer Letter," Duran responds that the Offer Letter is merely evidence "strongly supporting" his

claim but is not "his basis of relief." Response, at 6.[4] Plaintiff must clarify in his amended complaint the precise contract on which he sues, when it was made, who the signatories were, what provisions or terms were breached, and when the breach occurred. Because Duran disputes that the Offer Letter is the operative agreement, the Court does not address Defendant's other arguments.[5] Defendant's Rule 12(b)(6) Motion is **granted** without prejudice to Plaintiff's repleading his breach of contract claim in compliance with Rule 11(b).

## IV. CONCLUSION AND ORDER

Based on the foregoing, Plaintiff is granted leave to replead his claims if he can do so under federal pleading standards. *See Iqbal*, 556 U.S. at 678; FED. R. CIV. P. 11(b). It is therefore

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 4] is **DENIED**

---

[4] In considering a motion to dismiss, a court must ordinarily limit itself to the contents of the pleadings and attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)). "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins*, 224 F.3d at 498-99).

[5] Alternatively, Bar-S argues that Duran's allegation that Bar-S agreed to pay Duran incentive bonuses "up to 100%" of his base salary, *see* Petition, ¶ 6, is a judicial admission that the terms of the agreement were discretionary, and thus Bar-S could not have breached the agreement by failing to pay Duran his bonus. Reply, at 6-7. The Court need not reach this issue at this time.

**without prejudice** as to dismissal under Rule 12(b)(1) but **GRANTED** as to dismissal of Plaintiff's claims under Rule 12(b)(6). It is further

**ORDERED** that Plaintiff's claims are **DISMISSED without prejudice** to Plaintiff filing an amended complaint by **June 19, 2015,** that complies with federal pleading standards. Failure to timely file an amended complaint will result in the Court dismissing Plaintiff's case with prejudice for failure to prosecute this action. It is further

**ORDERED** that the initial pretrial conference in this case currently set for June 29, 2015, at 1:00 p.m. is **rescheduled** to **July 23, 2015, at 12:30 p.m.** The parties' joint discovery/case management plan is due **July 17, 2015**. It is further

**ORDERED** that on or before **August 31, 2015**, Plaintiff's counsel personally **must study carefully the District's Local Rules and must complete training on the District's Electronic Filing System** either by attending a workshop offered by the Southern District of Texas or by completing the current online Federal Court Practice Seminar, available at http://www.txs.uscourts.gov/attorneys/admissions/**.** On or before **August 31, 2015**, Plaintiff's counsel must file a certification with the Court within three (3) business days of the time these tasks have been accomplished.

SIGNED at Houston, Texas this 1st of **June, 2015.**

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE